UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORNA JOHNSON and DOUGLAS BARNES,<br><br>　　　　　Plaintiffs,<br><br>　-vs-<br><br>TIM PAUL, an individual, SUSAN MEREDITH, an individual, R. JOHNSON, an individual, and JIM PRUETT, an individual,<br><br>　　　　　Defendants. | NO.   CV-06-0230-LRS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO VACATE ORDER AND ASSESSING FEES AND COSTS AGAINST PLAINTIFFS |

　　BEFORE THE COURT is Plaintiff's [sic] Motion to Vacate Void Order, Ct. Rec. 19, filed on December 11, 2006. Plaintiffs move to vacate the Order Granting Motion to Dismiss, Ct. Rec. 18, entered on November 22, 2006. Plaintiffs state the basis of their motion is Fed.R.Civ.P. Rule 60(b)(4). It appears the gist of Plaintiffs' argument is that they believe they were denied due process and they suggest that the Court or defense practiced "fraud". Ct. Rec. 19 at 1. Plaintiffs' legal analysis is difficult to interpret and the memoranda permeated with utter disrespect for judicial process. The Court has not acted in a manner inconsistent with due process of law. The Court lacks subject matter jurisdiction over the action filed by Plaintiffs. Pursuant to Rule

///

ORDER - 1

60(b)(4), Plaintiffs have failed to show that they are entitled to relief from the order entered on November 22, 2006 or that such order is void.

With regard to the Court's directive to Plaintiffs to show cause in writing as to why fees and costs should not be awarded against them, Plaintiffs filed a "Reply to Court's Order to Show Cause Why Plaintiff Should not be Taxed Defendant's Costs & Fees," on January 19, 2007.  The Court has reviewed the reply and finds cause has not been shown. For the reasons stated in this order, the court agrees with defendant and orders Plaintiffs to pay Defendants for partial costs and fees.

Defense counsel have indicated in the declarations of Jennifer D. Auchterlonie and Kari D. Larson that 33 hours have been expended in connection with Plaintiffs' motions.  Defendant United States request it be awarded **$5,346.33** from Plaintiffs for its attorney fees[1].

In its motion to dismiss, the United States asks the Court to award it its costs (which are none) and fees incurred in defending against this matter, as this is the second lawsuit without legal foundation that Plaintiffs have filed against these IRS employees, and Plaintiffs' claims are entirely without basis in fact or law.  Ct. Rec. 15 at 5. In addition to all of the reasons set forth in the United States' motion to dismiss, Defendant asks the Court to consider Plaintiffs' bad faith and vindictiveness in bringing this action which is further supported by

---

[1]Thirty-three hours of attorney fees at a rate of $162.01 (rate of $125 referenced in the Equal Access to Justice Act adjusted for inflation using the Bureau of Labor Statistics' Consumer Price Index for All Urban Consumers).  No costs other than attorneys fees were incurred. Ct. Recs. 21 and 22.

ORDER - 2

Plaintiffs' response to the United States' motion to dismiss. Id. Defendant points out that Plaintiffs' response in the instant action is substantially similar to the response that they filed to the United States' motion to dismiss in the prior action in this Court. See Objection to Richard A. Latterell's Motion to Dismiss, Civ. No. 05-344-LRS, attached as Exhibit B of the Declaration of Jennifer D. Auchterlonie (Ct. Rec. 16).

Plaintiffs' prior litigation (Cause No. CV-05-344-LRS) alleged that individually named IRS employees had engaged in activities which made them liable to Plaintiffs. The action was ultimately dismissed for failure to state a claim upon which relief could be granted. Without appealing the Court's order, Plaintiffs initiated the current suit in an attempt to resurrect their claims.

In the present lawsuit, Plaintiffs failed to effect proper service on the United States or the individually named Defendants. They have made no showing of good cause as to why they failed to comply with the service rules nor have they explained why they now have the right to proceed in light of the earlier dismissal. They have sought an order of default which could not be supported by the allegations made in their pleadings or otherwise permitted under federal law.

Plaintiffs have alleged violations of federal law under 18 U.S.C. § 1981, *et. seq.* in an attempt to turn the Defendants' actions as IRS employees into legally cognizable claims which were never intended to be covered by the aforementioned statute. Plaintiffs' filings with the Court continue a diatribe against court personnel which indicates a willful failure to either comply with the applicable rules or to

acknowledge the Court's previous holding in the earlier litigation which effectively precludes the reassertion of Plaintiffs' claims in this suit. Inasmuch as the present action cannot be maintained, the undersigned judicial officer concludes that Plaintiffs' complaint is utterly without foundation, has been brought wantonly and for oppressive reasons which have no basis in the law. *See Roadway Express, Inc., v. Pyper*, 447 U.S. 752, 766 (1980). The Court also concludes that the filing of a second complaint alleging essentially the same claims from an earlier action which was dismissed under the circumstances set forth in the record herein indicates bad faith. Plaintiffs have persisted in the filing of a second baseless legal action that serves no legitimate purpose. Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' Motion to Vacate Void Order, **Ct. Rec. 19**, filed on December 11, 2006, is **DENIED**.

2. Defendant United States' request for costs incurred in dismissing this action is **GRANTED in part.** Although the fees sought are found to be reasonable, the Court, in the exercise of discretion, hereby reduces the sum by 50%. Accordingly, Plaintiffs shall reimburse the Defendant United States for a total of **$2,673.16** for attorneys fees incurred in defending this action through to a dismissal on this date.

3. This action is dismissed with prejudice.

The District Court Executive is directed to file this Order; provide copies to counsel and all plaintiffs; enter a judgment consistent
///
///

ORDER - 4

1  with this order and Ct. Rec. 18 (Order Granting Motion to Dismiss); and
2  **CLOSE FILE.**
3      DATED this 24th day of January, 2007.

                                    *s/Lonny R. Suko*
                                    _____
                                        LONNY R. SUKO
                                  UNITED STATES DISTRICT JUDGE

ORDER - 5